IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,

      **Plaintiff,**

v.                                                **Case No. 2:23-mj-568**
                                                    **Magistrate Judge Jolson**

**ONTARIO M. YARBROUGH,**

      **Defendant.**

## ORDER

This matter came before the Court for a Detention Hearing on October 18, 2023. Defendant Ontario M. Yarbrough was ordered detained at that time. The Court, however, noted it would revisit its decision if Defendant provided additional or corrected information to Pretrial Services. On October 24, 2023, Defendant filed a Motion to Revoke Detention Order Based on a Change in Circumstances. (Doc. 17). As required, the Government responded. (Doc. 19).

**I.    STANDARD**

Under § 3142 the Court must consider the following factors, "in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community":

    (1) the nature and circumstances of the offense charged, including whether the offense … involves a … a controlled substance, [or] firearm …;

    (2) the weight of the evidence against the person;

    (3) the history and characteristics of the person, including—

        (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community ties, past

    conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

    (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

  (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

  Also, because of the nature of the charge in the instant matter, there exists a rebuttable presumption in favor of detention. 18 U.S.C. § 3142(e)(3)(A) (the Possession with Intent to Distribute Fentanyl count in the Criminal Complaint carries a maximum penalty of more than ten years of imprisonment). After the detention hearing in this matter, the Court found that Defendant had not rebutted the presumption in favor of detention. (Doc. 15: Order of Detention, PageID 19).

  Finally, section 3142(f) permits the Court to reopen the detention hearing, if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community. 18 U.S.C. § 3142(f).

## II.  ANALYSIS

  One of the matters the Court noted needed clarification was Defendant's prior residence because he had claimed to be homeless. Now, he says (a) he stayed "sparingly" at 459 Barclay Square East but "[m]ost of the time," he stayed at 273 S. Oakley Ave., (b) that he occupied 269 S. Warren for a short period of time, and (c) that he moved to 334 S. Burgess. (Doc. 17: Motion to

Revoke Detention Order Based on a Change in Circumstances, PageID 59–60). This representation, however, links him to residences believed to be used for drug trafficking, and it shows that he was untruthful when he claimed to be homeless.

At the detention hearing, there was also some confusion surrounding Defendant's drug use. He continues to insist he is not a drug user. Assuming that is true, it is fortunate for Defendant's health. But it makes his alleged drug and human trafficking even more concerning because it appears he was sober when making choices that greatly harmed the community. And it does not appear that a condition requiring drug treatment could help him here. So, the additional information Defendant provided does not do him much good.

More still, the Government has provided transcripts of jail calls from last week wherein Defendant threatens a potential witness and tries to direct her to destroy evidence. During one call, Defendant said, "Do me a favor. Call Town and give him that phone back. I'll holler at you later. B****, you disrespectful. … I'll knock you the f*** out too. I don't give a f***. That's my phone. I bought that s***." (Doc. 19 at 8). During another call with a woman, he directed: "This is what I want you to do. If you love me, you going to trade him that phone, go get you a Android. If you really love me." When she said no, he responded: "Hope you O.D." And during another call, he labeled her "a f***ing rat." (*Id.*).

Consequently, the Court has concerns for potential witnesses in this case, and there appears to be a risk that Defendant will tamper with evidence if released. As such, the argument for detention is even stronger now.

### III.    CONCLUSION

Defendant's Motion to Revoke Detention Order Based on a Change in Circumstances (Doc. 17) is **DENIED**.

IT IS SO ORDERED.

Date: October 31, 2023    /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE